PERLEY M. GREEN, APPELLANT, V. JOHN A. GARDNER
ET AL., APPELLEES.

FILED JUNE 8, 1934.   No. 28882.

*J. G. Thompson,* for appellant.

*Herman G. Schroeder, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

LANDIS, District Judge.

Perley M. Green, plaintiff, instituted this suit to obtain a new trial of an accounting action against John A. Gardner and Hans Hansen (since deceased), on the ground of inability to obtain a bill of exceptions because of the loss of exhibits 10, an invoice, and 16, a note. From a judgment dismissing his action plaintiff appeals.

The final judgment was entered in the accounting action January 22, 1929. In the decree the court specifically mentions exhibits 10 and 16, determines the rights of the parties with respect thereto, and appoints a receiver to take charge of the remaining assets of the company. On January 26, 1929, Green's motion for new trial was overruled. Shortly thereafter the court reporter was advised by attorneys representing each side that no appeal would be taken and at that time each party received a return of their respective exhibits. September 7, 1929, the receiver filed his final report. September 24, 1929, the court approved the report. October 24, 1929, judgment of distribution of the moneys in the receiver's hands was entered. October 24, 1929, appellant filed a motion for new trial, which was overruled, and the receiver pro-

ceeded to execute the judgment by paying out the sums as ordered.

Appellant failed to appeal from the final judgment of January 22, 1929, but through his attorney announced his intention not to do so, thereby permitting the return of exhibits which are lost. Now by independent suit he seeks a new trial. There is no showing of fraud or accident whereby he was deprived of his constitutional right to be heard in the court of last resort and that he himself was without fault. Instead of timely and proper assertion of legal rights, he seems to have decided not to assert them and then, after the litigation is determined, acted upon and finished, to have changed his mind. A person may be litigious with no grievance to redress in court.

Appellant having failed to show grounds for equitable relief, the judgment entered by the trial court is right, and is

AFFIRMED.